UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>              Plaintiff,<br><br>v.<br><br>CINCOR PHARMA, INC., MARC DE GARIDEL, JAMES I. HEALY, DAVID ALLISON, MAINA BHAMAN, TROY IGNELZI, JUNE LEE, JASON PITTS, and JOHN F. THERO,<br><br>              Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Richard Lawrence ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against CinCor Pharma, Inc. ("CinCor" or the "Company") and CinCor's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. § 240.14d-9, arising out of the Board's attempt to sell the Company to AstraZeneca PLC through its wholly-owned subsidiaries AstraZeneca Finance and Holdings Inc. and Cinnamon Acquisition, Inc. (collectively "AstraZeneca").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading solicitation statement (the "14D-9") to be filed with the Securities and Exchange Commission ("SEC") on January 23, 2023. The 14D-9 recommends that CinCor stockholders tender their shares in favor of a proposed transaction (the

1

"Proposed Transaction") whereby CinCor is acquired by AstraZeneca. The Proposed Transaction was first disclosed on January 9, 2023, when CinCor and AstraZeneca announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which AstraZeneca will acquire all of the outstanding shares of common stock of CinCor for $26.00 per share, as well as a contingent value right of $10.00 per share (the "Merger Consideration"). The deal is valued at approximately $1.3 billion, excluding the contingent value right, and is expected to close in the first quarter of 2023.

3. The 14D-9 is materially incomplete and contains misleading representations and information in violation of Sections 14(e) and 20(a) of the Exchange Act. Specifically, the 14D-9 contains materially incomplete and misleading information concerning the financial projections prepared by CinCor management, as well as the financial analyses conducted by Centerview Partners LLC ("Centerview"), CinCor's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing any amendment to the 14D-9, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to CinCor's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of CinCor.

6. Defendant CinCor is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 230 Third Avenue,

6th Floor, Waltham, Massachusetts 02451. CinCor common stock trades on NASDAQ under the ticker symbol "CINC."

7. Defendant Marc de Garidel has been Chief Executive Officer and a director of the Company since 2021.

8. Defendant James I. Healy has been a director of the Company since 2019. Defendant Healy also serves as Chairman of the Board.

9. Defendant David Allison has been a director of the Company since 2019.

10. Defendant Maina Bhaman has been a director of the Company since 2019.

11. Defendant Troy Ignelzi has been a director of the Company since 2021.

12. Defendant June Lee has been a director of the Company since January 2022.

13. Defendant Jason Pitts has been a director of the Company since 2021.

14. Defendant John F. Thero has been a director of the Company since 2021.

15. Defendants de Garidel, Healy, Allison, Bhaman, Ignelzi, Lee, Pitts, and Thero are collectively referred to herein as the "Board."

16. Nonparty AstraZeneca PLC is a public limited company incorporated under the laws of England and Wales. AstraZeneca PLC's principal executive offices are located at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, England. AstraZeneca PLC American Depositary Shares trade on NASDAQ under the ticker symbol "AZN."

17. Nonparty AstraZeneca Finance and Holdings Inc. is a Delaware corporation and is a wholly owned subsidiary of AstraZeneca PLC.

18. Nonparty Cinnamon Acquisition, Inc. is a Delaware corporation and is a wholly owned subsidiary of AstraZeneca Finance and Holdings Inc.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(e) and 20(a) of the Exchange Act.

20. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

21. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

22. CinCor is a clinical-stage biopharmaceutical company developing an enzyme inhibitor, baxdrostat, to treat hypertension and other cardio-renal diseases. A Phase 2 trial initiated in 2020 showed the Company's drug significantly lowered systolic blood pressure. CinCor plans to initiate a Phase 3 trial in 2023.

23. On January 8, 2023, the Company entered into the Merger Agreement with AstraZeneca.

24. According to the press release issued on January 9, 2023 announcing the Proposed Transaction:

4

**CinCor Pharma to be Acquired by AstraZeneca**

WALTHAM, MA, January 9, 2023 (GLOBE NEWSWIRE) — CinCor Pharma, Inc. (NASDAQ: CINC) today announced that it has entered into a definitive agreement with AstraZeneca under which AstraZeneca has agreed to acquire CinCor.

Marc de Garidel, Chief Executive Officer at CinCor, said: "We are excited about the proposed acquisition of CinCor Pharma by AstraZeneca as we believe it offers the prospect of accelerating the development timeline and expanding the breadth of benefits patients with cardiorenal diseases might obtain from baxdrostat, if approved. CinCor is committed to ensuring a smooth transition of the development responsibilities to AstraZeneca once the acquisition is consummated. Thank you to all who have played, and will continue to play, essential roles in developing and evaluating baxdrostat as a potential novel treatment for cardiorenal diseases."

James Healy, M.D., Ph.D., Chairman of CinCor's Board of Directors and Managing Partner at Sofinnova Investments, added: "AstraZeneca's shared commitment to addressing the unmet medical need for patients with hypertension and cardiorenal disease will accelerate CinCor's mission to develop and deliver life-changing therapies that improve patient care. The CinCor management team has laid very important scientific and clinical groundwork for the baxdrostat program, including the successful Phase 2 BrigHtn trial that was recently published in the New England Journal of Medicine. On behalf of CinCor's Board of Directors, I would like to recognize and thank the CinCor team, scientific advisors and patients for their dedication and contributions to the advancement of the development of baxdrostat."

Under the terms of the merger agreement, AstraZeneca is obligated to initiate a tender offer by January 23, 2023 to acquire all of CinCor's outstanding shares for a price of $26.00 per share in cash at closing plus a non-tradable contingent value right of $10.00 per share in cash payable upon a specified regulatory submission of a baxdrostat product. The upfront cash portion of the consideration represents a transaction value of approximately $1.3 billion and a 121% premium over CinCor's closing market price on January 6, 2023. Total consideration including the contingent value right, if the milestone is achieved, would be approximately $1.8 billion and a 206% premium over CinCor's closing market price on January 6, 2023. CinCor's Board of Directors has unanimously approved the transaction.

The closing of the tender offer is subject to certain conditions, including the tender of shares of CinCor common stock representing at least a majority of the total number of CinCor's outstanding shares, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other customary conditions. CinCor stockholders holding approximately 44.8% of CinCor common stock have entered into a tender and support agreement with AstraZeneca, pursuant to which such stockholders have agreed, among other things, to tender 100% of their shares of CinCor common stock in the tender offer, subject to the terms and conditions of such agreement. Upon the successful

completion of the tender offer, AstraZeneca's acquisition subsidiary will be merged with and into CinCor, and any remaining shares of common stock of CinCor will be cancelled and converted into the right to receive the same merger consideration (including the contingent value right) per share payable in the tender offer. Subject to the satisfaction of the conditions in the merger agreement, the acquisition is expected to close in the first quarter of 2023.

**B. The Materially Incomplete and Misleading 14D-9**

25.   On January 23, 2023, Defendants filed the 14D-9 with the SEC. The purpose of the 14D-9 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to tender their shares in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether or not to tender his shares in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

26.   The 14D-9 discloses management-prepared financial projections for the Company which are materially misleading. The 14D-9 indicates that in connection with the rendering of Centerview's fairness opinion, Centerview reviewed "certain internal information relating to the business, operations, earnings, cash flow, assets, liabilities and prospects of CinCor, including certain financial forecasts, analyses and projections and probabilities of success relating to CinCor and the probability of realizing the Milestone Payments under the CVR Agreement prepared by CinCor's management and furnished to Centerview by CinCor for purposes of Centerview's analysis." Accordingly, the 14D-9 should have, but failed to, provide certain information in the projections that CinCor's management provided to the Board and Centerview.

27.   Notably, the 14D-9 fails to disclose the line items underlying the calculation of Non-GAAP Operating Income and Unlevered Free Cash Flow for both the Management Projections and the Pre-HALO Projections. The 14D-9 also fails to disclose the Company's non-

6

risk-adjusted forecasts, as compared to the risk-adjusted projections utilized by Centerview for its analyses. Furthermore, the 14D-9 fails to disclose the preliminary projections reviewed with the Board on July 5, 2022, as well as the preliminary projections reviewed at the August 30, 2022 Board Meeting. Finally, the 14D-9 fails to disclose the probability of realizing the Milestone Payments as prepared by management and utilized by Centerview for its analysis. This omitted information is necessary for Plaintiff to make an informed decision on whether to tender his shares in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Centerview's Financial Analyses*

28. With respect to the *Discounted Cash Flow Analysis,* the 14D-9 fails to disclose the terminal values for the Company.

29. With respect to the *Analyst Price Target Analysis*, the 14D-9 fails to disclose the individual price targets observed and the sources thereof.

30. With respect to the *Precedent Premiums Paid Analysis*, the 14D-9 fails to disclose the transactions selected and the premia for each transaction.

31. The 14D-9 further fails to disclose whether Centerview provided any services, other than financial advisory services, to any of the parties to the Proposed Transaction or their affiliates in the two years prior to rendering its fairness opinion and, if so, the compensation received for such services.

32. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, stockholders were not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces

irreparable harm, warranting the injunctive relief sought herein.

33.     In addition, the Individual Defendants knew or recklessly disregarded that the 14D-9 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

34.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the 14D-9 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the 14D-9 omits the material information referenced above and contains the incomplete and misleading information referenced above.

35.     Further, the 14D-9 indicates that on January 8, 2023, Centerview reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to CinCor stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Centerview's financial analyses which has been omitted from the 14D-9, and thus knew or should have known that such information has been omitted.

36.     Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**All Defendants for Violations of Section 14(e) of the Exchange Act and Rule 14d-9**

37.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38. Defendants have filed the 14D-9 with the SEC with the intention of soliciting CinCor stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the 14D-9, which fails to provide the material information referenced above.

39. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of CinCor, were aware of the omitted information but failed to disclose such information, in violation of Section 14(e).

40. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. . . ." 15 U.S.C. § 78n(e).

41. Specifically, and as detailed above, the 14D-9 violates Section 14(e) and Rule 14d-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of CinCor shares and the financial analyses performed by Centerview in support of its fairness opinion.

42. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the 14D-9 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the 14D-9 states that Centerview reviewed and discussed its financial analyses with the Board on January 8, 2023, and further states that the Board

considered Centerview's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the 14D-9, rendering the sections of the 14D-9 identified above to be materially incomplete and misleading.

43. The misrepresentations and omissions in the 14D-9 are material to Plaintiff, who will be deprived of his right to make an informed decision whether to tender his shares if such misrepresentations and omissions are not corrected prior to the end of the tender offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

44. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of CinCor within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of CinCor and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to

copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to the time the 14D-9 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the 14D-9.

48. In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The 14D-9 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

49. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing any amendment to the 14D-9 with the SEC unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the 14D-9;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 27, 2023                                          **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*